# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

JEROME J. FERRIER,

    Plaintiff,

v.                                                    Case No. 5:19-cv-29-TKW/MJF

AMANDA WILKES,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jerome Ferrier, a prisoner proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983, with attached statement of claims. (Doc. 15 & Attach. 1). Ferrier's amended complaint also incorporates exhibits attached to his original complaint. (Doc. 1, Attach. 1, App. A-C). The undersigned recommends that this case be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because Ferrier's amended complaint fails to state a claim upon which relief may be granted.[1]

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Ferrier's Claims and Supporting Allegations

Ferrier is an inmate of the Florida Department of Corrections currently confined at Apalachee Correctional Institution ("Apalachee CI"). Ferrier is serving sentences for six attempted first-degree murder convictions in Leon County Circuit Court Case No. 10CF01707. (Doc. 15, Attach. 1 at 5; *see also Ferrier v. State*, 111 So. 3d 920 (Fla. 1st DCA 2013)). In this § 1983 action, Ferrier is suing Amanda Wilkes, the mailroom supervisor at Apalachee CI, alleging that she negligently lost, or intentionally stole, investigative materials he obtained from the Tallahassee Police Department ("TPD") pertaining to his criminal case. Ferrier claims that Wilkes's conduct violates his constitutional right of access to the courts. The following allegations are drawn from Ferrier's amended complaint (Doc. 15 & Attach. 1) and documents appended to his original complaint (Doc. 1, Attach. 1, App. A, B, C).[2]

On November 19, 2012, Ferrier mailed a public records request, pursuant to Section 119.01, Florida Statues, to the Leon County Clerk of Court requesting a number of TPD investigative materials from his criminal case. (Doc. 15 at 5 in ECF; Doc. 1, App. A). Ferrier sought, among other items, reports and DVDs of pre-trial

---

[2] Ferrier's amended complaint relies on the documents attached to his original complaint, and asks this court to consider the documents as part of his amended complaint. (Doc. 15 at 6).

interviews of witnesses conducted by the TPD. (*Id.*). The reports and DVDs had been listed in one of the State's pre-trial discovery disclosures. (Doc. 1, App. A (State's Answer to Demand for Discovery in Leon County Circuit Court Case No. 10CF01707, stamped "Received" by the public defender's office on July 30, 2010)). On December 11, 2012, the City Attorney of Tallahassee, acting on behalf of the TPD, responded to Ferrier's request, informed him that the TPD retrieved thirteen DVDs from its records, and advised him that he was required to pre-pay the cost of fulfilling his records request ($270.00) before the records would be provided. (Doc. 1, App. B at 4). Ferrier apparently took no further action at that time.

In the spring of 2018, Ferrier submitted another public records request for the items, this time to the Mayor of Tallahassee. (Doc. 15 at 5; Doc. 1, App. B). On June 22, 2018, the City Attorney responded, indicating that she was enclosing the following records: (1) a copy of a TPD incident report and (2) eleven DVDs containing witness interviews. (Doc. 15 at 5; Doc. 1, App. B at 5). Ferrier alleges that on July 3, 2018, he reported to the mailroom at Apalachee CI to receive the mail from the City Attorney. Ferrier describes:

> While at legal mail, the A.C.I. [Apalachee CI] mailroom supervisor Mrs. Wilkes opened the yellow 1st class envelope containing the Off. City Att. Response in Plaintiff's presence. The yellow envelope did "<u>NOT</u>" contain the (11) DVDs.

(Doc. 15 at 6). On July 9, 2018, Ferrier wrote the City Attorney and informed her that the DVDs were not in the envelope she mailed on June 22, 2018. (Doc. 15 at 6; *see also* Doc. 1, App. B at 6-7). The City Attorney responded:

> Eleven (11) DVDs were enclosed in the envelope mailed to you on June 22, 2018. If you did not receive them, along with the letter, you may want to contact the mail room at your institution.
>
> According to the Records Division of the Tallahassee Police Department, you were sent an invoice for $49.95 for records you requested from them; they have not received a response from you.
>
> My office has responded to, and fulfilled, your requests for records. There is nothing further my office can do for you.

(Doc. 15 at 6; *see also* Doc. 1, App. B at 8). Ferrier then filed administrative grievances with the Florida Department of Corrections, claiming that prison officials must have lost or stolen the DVDs. (Doc. 15, Attach. 1 at 2-3; Doc. 1, App. C). The grievances were denied after an investigation failed to substantiate his allegations. (*Id.*).

Ferrier asserts that the whereabouts of the DVDs remain unknown, and that Defendant Wilkes must have misplaced or stolen them. (Doc. 15, Attach. 1 at 5, ¶ 11). Ferrier contends that Wilkes's "stealing his criminal case discovery" violates his rights under the First, Fifth, and Fourteenth Amendments. (Doc. 15, Attach. 1 at 5). As relief, Ferrier seeks the appointment of counsel, an injunction requiring

Wilkes to "reproduce" the DVDs, and an order "that restarts his motion filing time" for state postconviction and federal habeas relief. (Doc. 15 at 7 & Attach. 1 at 7).

## II. Screening under 28 U.S.C. §§ 1915 and 1915A

Because Ferrier is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). The Rule 12(b)(6) standard governs dismissals for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

## III. Discussion

### A. Ferrier's Complaint Fails to State a Plausible Access to Courts Claim

Ferrier claims that Wilkes's "stealing his criminal case discovery from his mail" deprives him of his rights under the First, Fifth, and Fourteenth Amendments. (Doc. 15, Attach. 1 at 5, ¶ 11). Ferrier asserts that Wilkes's "non-delivery" of the DVDs "results in detriment to Plaintiff, because he is "UNABLE" to . . . review discovery in his criminal case . . . at a time when Plaintiff's liberty interest is at stake." (Doc. 1, Attach. 1 at 5, ¶ 13). Ferrier explains:

> Plaintiff contends that there are "Newly Discovered Evidence" on the Discovery DVDs that Plaintiff cannot assert in a Postconviction Motion, because the (11) Discovery DVDs were not delivered to him, as required by F.A.C. 33-201.103(5)(a). Plaintiff contends that the Defendant has denied his rights to access to the court to file claims challenging his (6) convictions of attempted murders.
>
> Plaintiff contends that by the Defendant's non-delivery of his incoming privileged mail, prohibited Plaintiff (an incarcerated person) from receiving outside mail, thereby leaving Plaintiff in the blind and dark as to his (11) Discovery DVDs. Plaintiff has been deprived of the ability to expand his mind with the knowledge of his case, as well as the education of his criminal case. The curtailing by the Defendant served no legitimate penological interest; it only exacerbates the public safety problems associated with inadequately preparing the Plaintiff to litigate his criminal post-conviction case, thereby causing an injury to Plaintiff.

(Doc. 15, Attach. 1 at 5-6, ¶¶ 13-14).

"[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "In order to establish a violation of the right of access to the courts, however, a prisoner must show an actual injury." *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1271 (11th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). This requirement "derives ultimately from the doctrine of standing," *Casey*, 518 U.S. at 349, which requires a plaintiff to show that he "suffered, or will imminently suffer, actual harm" as a result of the defendant's conduct. *Id*. The injury requirement also "reflects the fact that the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong," *Cunningham*, 592 F.3d at 1271 (internal quotation marks omitted).

Accordingly, "a litigant asserting an access claim must also prove that he has a colorable underlying claim for which he seeks relief." *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir.2006). "[T]he plaintiff must identify within his complaint, a nonfrivolous, arguable underlying claim." *Id.* at 1226 (citation omitted). "The allegations about the underlying cause of action must be specific enough to give fair notice to the defendants and must 'be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" *Cunningham*, 592 F.3d at 1271 (quoting *Christopher v. Harbury*,

536 U.S. 403, 416 (2002)). The plaintiff also must show that the claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Casey*, 518 U.S. at 356.

Ferrier's conclusory allegations of injury are insufficient. Ferrier identifies no "nonfrivolous, arguable underlying claim," *Barbour*, 471 F.3d at 1226, that he was prevented (or is being prevented) from lodging in a court of law. Ferrier's conclusory assertion that the DVDs will reveal "newly discovered evidence" is insufficient for several reasons.

First, Ferrier's allegations establish that his anticipated claim of "newly discovered evidence" is based purely on speculation and hope. Ferrier admits that he is on a fishing expedition. (Doc. 15, Attach. 1 at 6, ¶ 14). Ferrier cannot establish standing merely by urging that Defendant Wilkes's actions affected a theoretical cause of action in some speculative sense. *Casey*, 518 U.S. at 350.

Second, Ferrier fails to explain how the DVDs, or the substance of the witness interviews, arguably could be considered "newly discovered," when his allegations and attachments establish that the defense had this evidence prior to trial. (*See* Doc. 1, Attach. 1, App. A (State's "Answer to Demand for Discovery")).

Third, Ferrier's assertion of "new" evidence, by itself and untethered from any legal basis to invalidate his conviction, does not provide a colorable basis for

state postconviction or federal habeas relief. *See* Fla. R. Crim. P. 3.850 (enumerating the grounds for postconviction relief); 28 U.S.C. § 2254(a) (providing that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.") (emphasis added). Ferrier never identifies how the pre-trial witness interviews arguably give rise to any constitutional claim, exonerate him of the attempted murders, mitigate his sentence, or otherwise invalidate his convictions.

Finally, Wilkes's actions in no way prevent Ferrier from obtaining copies of the DVDs in the same manner he did before—by submitting a public records request. *See* Fla. Stat. § 119.01. If he is unable to pay the costs associated with his request, Fla. Stat. § 119.07, it will be his own limitations and not the actions of Defendant Wilkes that foreclose his ability to obtain them.

Because Ferrier fails to meet the actual injury requirement, he cannot establish a violation of his right of access to the courts. *Alvarez*, 679 F.3d at 1265-66 (dismissing prisoner's claim that the State violated his right of access to the courts under the Due Process Clause when it prevented him from gaining access to physical evidence for purposes of DNA testing; prisoner failed to show he was prevented from lodging any colorable claim); *Cunningham*, 592 F.3d at 1271-72 (dismissing

prisoner's claim that postconviction access to evidence was necessary to vindicate his constitutional right of access to the courts; none of the four causes of action the prisoner identified provided an adequate basis for an access to courts claim); *Leonard v. Monroe Cty. Fla.*, No. 18-15172, 2019 WL 5172220, at *2 (11th Cir. Oct. 15, 2019) (dismissing prisoner's claim that jail staff denied him access to the courts by refusing to mail (at the Jail's expense) his legal mail; prisoner alleged no facts supporting his conclusory allegation that the defendants' failure to send his legal mail caused him injury, nor did he describe the underlying cause of action that was purportedly frustrated or impeded by the defendants' conduct).

B.  **Dismissal is Appropriate**

Ferrier's amended complaint fails to state a facially plausible claim for relief under 42 U.S.C. § 1983. Despite receiving an opportunity to amend his complaint, as well as instruction from this court as to his original complaint's legal deficiencies, (Doc. 8), Ferrier has submitted an amended complaint that, again, fails to plead facts plausibly elevating his claim above the speculative level. *See Twombly*, 550 U.S. at 555-56. Accordingly, this case should be dismissed for failure to state a claim upon which relief may be granted.

IV. **Conclusion**

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

2. The clerk of the court be directed to close this case file.

At Panama City, Florida, this <u>28th</u> day of October, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**